IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES DEANTA McINTYRE § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-09-CV-1870-M-BD |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner James Deanta McIntyre, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

An Ellis County grand jury indicted petitioner on one count of sexual assault of a child. At trial, petitioner was convicted of the lesser included offense of indecency with a child. Punishment, enhanced by a prior felony conviction, was assessed at 25 years confinement. His conviction and sentence were affirmed on direct appeal. *McIntyre v. State*, No. 10-06-00196-CR, 2007 WL 900089 (Tex. App.--Waco, Mar. 21, 2007, pet. ref'd).[1] Petitioner also sought post-conviction relief in federal

---

[1] Petitioner's appeal was originally dismissed as untimely. *McIntyre v. State*, No. 10-05-00253-CR, 2005 WL 1837334 (Tex. App.--Waco, Aug. 3, 2005). However, the Texas Court of Criminal Appeals allowed petitioner to prosecute an out-of-time appeal. *See Ex parte McIntyre*, No. AP-75426, 2006 WL 1410192 (Tex. Crim. App. May 24, 2006).

and state court. A prior federal writ was dismissed without prejudice for failure to exhaust state remedies. *See McIntyre v. Quarterman*, No. 3-09-CV-0574-B, 2009 WL 1563516 (N.D. Tex. Jun. 2, 2009). His state writ was denied without written order on findings of the trial court. *Ex parte McIntyre*, WR-63,803-02 (Tex. Crim. App. Sept. 16, 2009). Having exhausted his state remedies, petitioner now returns to federal court.

II.

Petitioner raises five broad issues in eight grounds for relief. Succinctly stated, petitioner contends that: (1) he was improperly convicted of a lesser included offense that was not charged in the indictment; (2) the evidence was legally insufficient to support his conviction; (3) his sentence is illegal; (4) the trial court created a conflict of interest between him and his attorney; and (5) he received ineffective assistance of counsel at trial and on appeal.

A.

In three related grounds, petitioner argues that his conviction is void because he was not charged with indecency with a child, the indictment did not provide fair notice of that offense, and the jury charge was fundamentally defective for that reason. It is generally accepted that a defendant has sufficient notice of an offense included within an indictment charging a more aggravated degree of that offense. *See Fransaw v. Lynaugh*, 810 F.2d 518, 529 (5th Cir.), *cert. denied*, 107 S.Ct. 3237 (1987). In *Fransaw*, the Fifth Circuit held:

> [The] lesser included offense doctrine permits the court to charge the jury on a lesser unindicted offense where that offense is complete upon commission of some of the elements of the crime charged. The doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged. As the doctrine now stands, defendants also frequently invoke it.

> The Supreme Court has discussed the lesser included offense doctrine on numerous occasions without suggesting that it is in any way inconsistent with the constitutional requirement that defendant be put on notice of the charges against him. Our cases likewise discuss the lesser included offense doctrine without questioning its constitutionality. In short, the doctrine is on sound constitutional footing and is available to the government as well as to defendants.

*Id.* (internal quotations and citations omitted); *see also Newton v. Thaler*, No. 3-09-CV-0489-G, 2010 WL 2605255 at *4 (N.D. Tex. May 20, 2010), *rec. adopted*, 2010 WL 2605363 (N.D. Tex. Jun. 25, 2010), *COA denied*, No. 10-10757 (5th Cir. Feb. 3, 2011); *Williams v. Dretke*, No. 3-02-CV-1117-D, 2004 WL 2607964 at *3 (N.D. Tex. Nov. 16, 2004), *rec. adopted*, 2004 WL 2974716 (N.D. Tex. Dec. 14, 2004), *COA denied*, No. 05-10164 (5th Cir. Feb. 7, 2007). Because indecency with a child is a lesser included offense of sexual assault of a child when both offenses are predicated on the same act, *see Evans v. State*, 299 S.W.3d 138, 141-43 (Tex. Crim. App. 2009), *citing Cunningham v. State*, 726 S.W.2d 151(Tex. Crim. App. 1987), petitioner has failed to establish a constitutional violation.[2]

B.

Next, petitioner contends that the evidence was legally insufficient to support his conviction because the state failed to prove an essential element of the offense -- that he engaged in sexual contact with a child with "intent to arouse or gratify the sexual desire of any person." A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert.*

---

[2] Although "intent to arouse or gratify sexual desire" is a specific statutory element of indecency with a child, but is not listed as an element of sexual assault of a child, *Evans* holds that such intent is an element of both offenses. *See Evans*, 299 S.W.3d at 142, *citing Ochoa v. State*, 982 S.W.2d 904, 910 (Tex. Crim. App. 1998) (Keller, J., concurring).

*denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Under Texas law, a person commits the offense of indecency with a child if, *inter alia*, the person engages in "sexual contact" with a child younger than 17 years of age. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2001). The term "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
>
> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.*, § 21.11(c). An intent to arouse or gratify sexual desire can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *See Perales v. State*, 226 S.W.3d 531, 535 (Tex. App.--Houston [1 Dist.] 2006, pet. ref'd), *citing McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).

At trial, the victim's mother testified that she walked into the room of her 14 year-old daughter and saw a naked man on top of her child. (*See* SF-VII at 45, 49). The man was later identified as petitioner. (*See id.* at 47). The victim testified that she and petitioner were partially undressed and kissing each other before her mother arrived. (*Id.* at 100). Petitioner had touched her breasts, and the victim believed they were going to have sex that night. (*Id.* at 102-03). When the mother entered the room, petitioner was on top of the victim with his chest touching her chest, his lower abdomen on her lower abdomen, and his penis laying against her body. (*Id.*). Only the sudden

appearance of her mother prevented the victim and petitioner from having sex. (*Id.* at 104). The victim testified that semen stains found on her shorts would not have come from anyone other than petitioner. (*Id.* at 31-32, 91).

The state appeals court determined that this evidence was both legally and factually sufficient to support petitioner's conviction for indecency with a child, and that "a rational jury could have found beyond a reasonable doubt that McIntyre acted with the intent to arouse or gratify his sexual desire." *McIntyre*, 2007 WL 900089 at *2. This court must defer to that decision unless petitioner demonstrates it was based on an unreasonable determination of the facts in light of the evidence presented at trial. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2001 (2001). Petitioner has failed to meet that heavy burden. Contrary to petitioner's argument, there is ample evidence that he touched the victim's breasts and that his genitals touched the victim's body, all with the intent to arouse or gratify his sexual desire. This ground for relief should be overruled.

C.

Petitioner also complains that the jury instructions on the range of punishment were improper, and that his 25-year sentence for indecency with a child exceeds the statutory maximum punishment for the offense. Although indecency with a child is a second degree felony punishable by not more than 20 years in prison, *see* TEX. PENAL CODE ANN. §§ 21.11(d) & 12.33(a) (Vernon 2001), the indictment contained an enhancement allegation based on petitioner's prior felony conviction for sexual penetration. (*See* St. App. Tr. at 2). The enhancement allegation, which was proved at trial, increased the range of punishment to not less than five years or more than 99 years

or life imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.42(b) & 12.32(a). There was nothing improper about the jury instructions on punishment or the sentence imposed by the court.

D.

Petitioner contends that the trial court created a conflict of interest between him and his attorney by refusing to allow counsel to withdraw or to let petitioner hire another lawyer. At a pretrial conference held on January 7, 2005 -- the Friday before jury selection -- defense counsel moved for a continuance based on a trial setting in another court and because petitioner wanted to hire a different lawyer, Mary Lou Shipley, to represent him. (*See* SF-V at 9). The judge responded:

> I don't care about that. What I want to hear is I'll get a call from the judge saying he's got you by the neck up there and you're going to trial on Monday morning. I'll get a call from him or his office Monday morning saying he's got you.
>
> * * * *
>
> Also regarding defendant's desire for another lawyer, he can hire whoever he wants to. They are just going to trial Monday morning. So I'm sure if Ms. Shipley represented him -- I know Ms. Shipley well enough to know she'd be here.

(*Id.* at 9-10). Counsel then clarified that petitioner told him that he was *in the process* of hiring another lawyer. (*Id.* at 10). The judge reiterated, "If Ms. Shipley is taking the case, she'll be here Monday morning to try it. He can hire anybody he wants to [ ] represent him, but we're going to trial Monday morning." (*Id.*).

It is clear that the trial court never denied a request to substitute counsel. The only condition imposed by the judge was that any new lawyer hired by petitioner had to be prepared to try the case at its present setting. Although petitioner may have been dissatisfied with his attorney, there is absolutely no evidence that counsel labored under an actual conflict of interest that had some adverse

effect on the defense. *See Hernandez v. Johnson*, 108 F.3d 554, 559-60 (5th Cir.), *cert. denied*, 118 S.Ct. 447 (1997).

E.

In two grounds for relief, petitioner contends that he received ineffective assistance of counsel at trial and on appeal. As best the court understands these claims, petitioner appears to argue that his attorney: (1) failed to interview witnesses; (2) labored under a conflict of interest; (3) did not object to a fundamentally defective jury charge; (4) failed to adequately investigate the facts and the law; and (5) did not communicate a 20-year plea offer. Petitioner also faults his appellate lawyer for not challenging the sufficiency of the evidence.[3]

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication:

---

[3] In his federal writ, petitioner also mentions that counsel failed to object to the "racial make up of the voir dire and the jury itself[.]" (*See* Hab. Pet. at 7B). However, no argument is presented in support of that claim. Nor is there any evidence in the record that the prosecutor exercised his peremptory challenges in a racially discriminatory manner.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *appeal filed*, Sept. 8, 2009 (No. 09-70024). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002); *see also Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011) ("[D]etermining whether a state court's decision

resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

2.

Most of petitioner's arguments are either patently frivolous, negated by the record, or conclusory in nature. Because indecency with a child is a lesser included offense of sexual assault, *see Evans*, 299 S.W.3d at 142-43, and the range of punishment for that offense, enhanced by a prior felony conviction, is five years to 99 years or life imprisonment, *see* TEX. PENAL CODE ANN. §§ 12.42(b) & 12.32(a), counsel had no basis for objecting to the jury charge on those grounds. The court previously determined that there was no conflict of interest between petitioner and his attorney. Although petitioner claims that he was unaware of the state's 20-year plea offer, the record shows otherwise. (*See* SF-V at 4).[4] The allegation that counsel failed to adequately investigate and

---

[4] To the extent petitioner contends that counsel misinformed him that he faced an automatic life sentence if convicted of sexual assault, which prevented him from making an informed decision whether to accept the state's plea offer, that claim is without merit. Under Texas law, petitioner faced an automatic life sentence if convicted of sexual assault enhanced by a prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i) (Vernon 2003).

research the case is wholly conclusory and not supported by any facts. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) ("To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial.").

The only aspect of petitioner's ineffective assistance of counsel claim that merits extended discussion is his allegation that counsel failed to interview six potential witnesses -- Kroshundra Sneed, Chasity Thomas, Cassandra Gates, Evonne Sneed, Brenda Copeland, and Tamara Byrd. Four of those witnesses submitted affidavits to the state habeas court. In their affidavits, Gates and Thomas said that the victim denied having sex with petitioner. *See Ex parte McIntryre*, WR-63,803-02, Tr. at 86, 88. Evonne Snead described a conversation with the victim's grandmother about charges not being brought against petitioner and the grandmother's belief that the incident "had something to do with hurt feelings or something else." *Id.*, Tr. at 90. Kroshundra Snead detailed efforts to obtain an affidavit of non-prosecution from the victim's mother. *Id.*, Tr. at 92-93. Neither Copeland nor Byrd provided affidavits to the state habeas court. Nor did petitioner proffer the substance of their missing testimony. In response to the allegations of ineffective assistance of counsel, James C. Belt, Jr., the attorney who represented petitioner at trial, provided his own affidavit, in which he stated:

> Contrary to Mr. McIntyre's assertion that I failed to investigate his case or interview witnesses, a thorough investigation of his case was conducted prior to trial. I met with his family a number of times. There were no fact witnesses in this case other than the Complainant and her mother. I never spoke with the minor child (Complainant) but I was told by my client that she was not going to testify against Mr. McIntyre. When I met with Mr. McIntyre's family, we discussed the fact that the Complainant's mother was willing to execute an affidavit of non-prosecution. Therefore, I prepared an affidavit of

> non-prosecution and met with the Mr. McIntyre's family and an individual who I believed to be the mother of Complainant. That individual took the affidavit of non-prosecution and stated that she would sign it.
>
> Other than the meetings with Mr. McIntyre, his grandparents, Mr. and Mrs. H.C. McIntyre and the mother of Complainant, there were no other persons with personal knowledge of the case to interview or investigate.

*Id.*, Supp. Tr. at 25. The state habeas court accepted Belt's version of the facts, found that Belt met with all potential witnesses who had personal knowledge of the case, and determined that petitioner was not prejudiced by the decision not to call Gates, Thomas, Evonne Sneed, and Kroshundra Sneed. *Id.*, Supp. Tr. at 33, ¶¶ 18-20, 22-23. The court also found that the affidavits submitted by petitioner "do not contain admissible, credible evidence that would have served to impeach the testimony of the complainant or her mother." *Id.* at 33, ¶ 22. Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut those findings.

With respect to counsel's failure to call Brenda Copeland and Tamara Byrd as witnesses, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prove that counsel was ineffective for failing to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* Here, there is no evidence that Copeland and Byrd were available to testify at trial, would have done so, or that their testimony would have been favorable. Petitioner is not entitled to relief on this ground. *See Mumphrey v. Thaler*, No. 3-09-CV-1816-N,

2010 WL 1233541 at *4 (N.D. Tex. Feb. 19, 2010), *rec. adopted*, 2010 WL 1233545 (N.D. Tex. Mar. 29, 2010), *COA denied*, No. 10-10380 (5th Cir. Sept. 15, 2010), *cert. denied*, No. 10-8000, 2011 WL 589202 (U.S. Feb. 22, 2011).

3.

Finally, petitioner contends that he received ineffective assistance of counsel on appeal because his lawyer failed to challenge the sufficiency of the evidence. However, the record clearly shows that two of the three points of error raised by counsel on direct appeal attacked the legal and factual sufficiency of the evidence. *See McIntyre*, 2007 WL 900089 at *1-2. This ground for relief should be overruled as frivolous.[5]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[5] In his reply brief, petitioner appears to argue that the state habeas proceeding was deficient in several respects. (*See* Pet. Reply Br. at 3, 5-7). The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). To the extent petitioner intends to seek federal habeas relief on that ground, his claim is precluded by circuit precedent.

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE